UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RGW CONSTRUCTIONS, INC., <br><br>　　　　Plaintiff-Appellant, <br><br>　v. <br><br>WEINSTEIN, <br><br>　　　　Defendant-Appellee. | Case No.   23-cv-00255-BLF <br><br>**ORDER ON APPEAL REVERSING BANKRUPTCY COURT'S ORDER SUSTAINING DEFENDANT-APPELLEE'S OBJECTION TO PLAINTIFF-APPELLANT'S CLAIM** |

In late 2022, the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court") sustained an objection by Defendant-Appellee Marlene G. Weinstein ("BAD Chapter 7 Trustee" or "Trustee"), made on behalf of the estate of Bay Area Drilling Inc. ("BAD"), to Plaintiff-Appellant RGW Constructions, Inc.'s ("RGW" or "Appellant") claim in a Chapter 11 bankruptcy petition filed by Mark F. Lucido, the owner of BAD. Opening Br., ECF No. 5; *see* Objection to Claim 10 ("Objection"), Appellant's Excerpts of Record ("AER"), ECF Nos. 5-1, 5-2, at 1705–11; Order Sustaining Objection to Claim 10 ("Order"), AER 1660–62.[1] RGW now appeals the Order sustaining the Objection. *See* Opening Br. The Trustee answered the appeal, and RGW filed a reply. *See* Ans. Br., ECF No. 6; Reply Br., ECF No. 8. The Court finds the matter to be appropriate for disposition without oral argument. See Civ. L.R. 7-1(b). For the reasons discussed below, the Court REVERSES the Bankruptcy Court Order.

**I.　BACKGROUND**

　　**A.　RGW's Relation to Bay Area Drilling Inc. and Mark F. Lucido**

　　RGW was the California Department of Transportation's prime contractor for certain work

---

[1] There are two sets of pages in the record numbered AER 1660–62.  *Compare* ECF No. 5-2, at 602–04, *with id.* at 902–04.  The latter excerpt contains the Order.

1   on the I-880 freeway in Oakland, California.  AER 83.  One of RGW's subcontractors for the
2   project was Bay Area Drilling Inc. ("BAD").  *Id.*; *see also, e.g.*, *id.* at 713.  BAD was solely
3   owned and controlled by its president, Mark F. Lucido ("Mr. Lucido").  *See id.* at 206–08, 744.

### B. Arbitration Award and Judgment

After BAD allegedly breached its subcontracts with RGW, the two companies began arbitration proceedings in 2018.  *Id.* at 73.  The arbitration panel issued RGW an award, after which RGW petitioned for and in January 2020 obtained from Alameda County Superior Court a judgment against BAD for $1,781,538.79.  AER 59, 73.

### C. BAD's Chapter 7 Bankruptcy Petition

In December 2020, BAD filed for Chapter 7 bankruptcy (the "BAD Chapter 7 Action").  *See id.* at 18.[2]  Appellee was appointed the trustee in BAD's bankruptcy proceeding.  *See id.*

### D. RGW's Motion for Relief from Automatic Stay in BAD Chapter 7 Action

In February 2021, RGW filed a motion in the BAD Chapter 7 Action seeking relief from the automatic stay imposed by bankruptcy proceedings so that RGW could take certain actions in the Alameda County proceedings in which RGW's judgment against BAD had been entered.  *See id.* at 21.[3]  Specifically, RGW sought to (1) enforce subpoenas and a court order for certain business records; (2) enforce a court order to compel BAD to respond to written discovery requests; (3) propound additional written discovery requests upon BAD; (4) enforce the judgment in the case by filing a motion to add Mr. Lucido and MFE to that judgment as BAD's alter egos; (5) take a debtor examination of BAD in support the planned motion to add Mr. Lucido and MFE to the judgment; (6) apply for an order to take the debtor examinations of Mr. Lucido and MFE in support of the motion to add them to the judgment; and (7) enforce two orders for monetary sanctions against Mr. Lucido.  *See* AER 21–23.  The BAD Chapter 7 Trustee opposed RGW's motion.  *Id.* at 559–65.

The Bankruptcy Court in the BAD Chapter 7 Action denied without prejudice RGW's

---

[2] RGW asserts that the BAD's Chapter 7 bankruptcy petition is excerpted at AER 2–16, *see* ECF No. 5-1, at 3, but that excerpt is Mr. Lucido's later-filed Chapter 11 bankruptcy petition.
[3] RGW asserts that it filed its motion for relief from the stay in March 2021, *see* Opening Br. 9, but the e-filing footer indicates a filing date of February 3, 2021.

requests for leave to (1) enforce the order compelling BAD to respond to written discovery requests; (2) propound additional discovery to BAD; (3) file a motion to add Mr. Lucido and MFE to the judgment as BAD's alter egos; and (4) and take the debtor examination of BAD. *See id.* at 616–21. The Bankruptcy Court otherwise granted RGW's requests for relief from the automatic stay with respect to its desired course of action in the Alameda County proceedings. *See id.*

### E. Mr. Lucido's Chapter 11 Bankruptcy Petition, RGW's Claim, and RGW's Adversary Proceeding

In April 2021, Mr. Lucido filed for Chapter 11 bankruptcy (the "Lucido Chapter 11 Action"). *See id.* at 1–16. The BAD Chapter 7 Trustee filed a claim in the Lucido Chapter 11 Action on behalf of the BAD bankruptcy estate on June 10, 2021. Appellee's Excerpts of Record ("APP"), ECF No. 7, at 1–4. On June 30, 2021, RGW filed its own claim in the Lucido Chapter 11 Action, based on "[a]lter ego liability, interest, sanctions, attorney's fees and costs." AER 702–49. As part of its claim, RGW asserted Mr. Lucido was liable as an alter ego of BAD for RGW's $1,781.538.79 judgment against BAD. *Id.* at 705. Mr. Lucido objected to RGW's claim on August 24, 2021. *Id.* at 797–802.

RGW also brought an adversary proceeding in the Lucido Chapter 11 Action (the "Adversary Proceeding"), in which it sought the addition of Mr. Lucido to its state court judgment as an alter ego of BAD, a denial of discharge, and an accounting. *Id.* at 760–96. The operative complaint in the Adversary Proceeding is RGW's Second Amended Complaint (the "SAC"). *Id.* at 864–904.

### F. BAD Chapter 7 Trustee's Objection to RGW's Claim

At an October 25, 2022 status conference for the Lucido Chapter 11 Action and the Adversary Proceeding, counsel for RGW noted that RGW anticipated filing an objection to the claim in the Lucido Chapter 11 Action filed by the BAD Chapter 7 Trustee, or otherwise "trying to work something out." APP 16–17. Counsel for RGW did not contact counsel for the BAD Chapter 7 Trustee in the following seven days. AER 1907. On November 2, 2022, the BAD Chapter 7 Trustee filed its Objection to RGW's claim in the Lucido Chapter 11 Action, arguing that "the alter ego claims belong to the [BAD] estate and RGW's assertion of them is a violation

3

of the automatic stay" and that RGW's claim was duplicative of the Trustee's earlier-filed claim. AER 1707, 1907. RGW filed an opposition to the Objection, and the Trustee filed a reply. AER 1716–43, 1898–1908.

### G. Hearing and Order on BAD Chapter 7 Trustee's Objection to RGW's Claim in Lucido Chapter 11 Action

The Bankruptcy Court heard oral argument on the Objection on December 21, 2022. *See* AER 1938–59. The Trustee rested on its papers, and after a brief argument from RGW, the Bankruptcy Court read into the Lucido Chapter 11 Action record certain allegations from the SAC—filed in the Adversary Proceeding—that enumerated the various acts Mr. Lucido took to evade the judgment against BAD, such as engaging in fraudulent transfers.[4] *See* AER 1940–46. The Bankruptcy Court noted that the allegations described generalized injury to BAD, so that they gave rise to a cause of action owned by the Trustee, and that it had never granted RGW leave from the automatic stay to pursue an alter ego claim. *Id.* at 1946. Accordingly, the Bankruptcy Court sustained the Trustee's Objection, except as to RGW's sanctions claim. *Id.* at 1948. The Order followed, citing the reasons stated on the record. *See* Order.

On appeal, RGW challenges the Order sustaining the BAD Chapter 7 Trustee's Objection.

## II. ISSUES PRESENTED

RGW identifies the following related issues for the instant appeal:

1. Did the bankruptcy court err in sustaining the objection by the Trustee to the claim filed by RGW Construction in the [Lucido Chapter 11 Action]?

2. Did the bankruptcy court err in ruling that RGW Construction's claim to enforce the judgment it obtained against Bay Area Drilling by adding Debtor Mark F. Lucido [] to that judgment pursuant to California Code of Civil Procedure section 187 in the adversary proceeding styled as *RGW Construction, Inc. v. Mark F. Lucido*, United States Bankruptcy Court Case No. 21-04031 belongs to the bankruptcy estate of Bay Area Drilling rather than RGW Construction?

---

[4] The transcript attributes this section of the hearing to the Trustee's counsel. *See* AER 1942. The Trustee notes this error, and RGW does not dispute it. Ans. Br. 7–8; *see* Reply Br. It is evident from the transcript, including statements addressed to "Your Honor" immediately before and after the section at issue, that the speaker was in fact the Bankruptcy Court. *See* AER 1942, 1946.

4

> 3. Did the bankruptcy court err when it failed to rule on or consider the issue of whether the Trustee's objection to the claim filed by RGW Construction in this matter is barred by the doctrine of laches?

Opening Br. 6–7. Although RGW presents the three questions independently, its argument makes clear that RGW's first presented issue is entirely dependent on the determination of the other two issues. That is, RGW argues that the Bankruptcy Court made the two errors described in the second and third issues presented, so that if the Court finds for RGW on either argument, then the first issue presented—whether there was any error in sustaining the Objection—is necessarily answered in the affirmative. *See id.* at 30–38.

### III.   JURISDICTION

Under 28 U.S.C. § 158(a)(1), federal district courts have jurisdiction to hear appeals from final judgments and orders in bankruptcy actions. The Bankruptcy Court's Order sustaining the BAD Chapter 7 Trustee's Objection to RGW's claim (except as to a sanctions award) is a final order, and the Court therefore has jurisdiction over this bankruptcy appeal. *See In re Condor Sys., Inc.*, 125 F. App'x 797, 799 (9th Cir. 2005) (noting bankruptcy court's order sustaining objection to claim was a final order) (citing *In re Garner*, 246 B.R. 617, 619 (9th Cir. BAP 2000)).

Additionally, "[i]n reviewing an order or judgment of the Bankruptcy Court, the Court has the 'power to consider any issue presented by the record even if the issue was not presented to the bankruptcy court.'" *Love v. Wiseman*, 614 F.R. 573, 580 (N.D. Cal. 2020) (quoting *In re Pizza of Haw., Inc.*, 761 F.2d 1374, 1379 (9th Cir. 1985)).

### IV.   LEGAL STANDARD

A district court reviews a bankruptcy court's findings of fact for clear error and conclusions of law de novo. *See In re Mortg. Store, Inc.*, 773 F.3d 990, 994 (9th Cir. 2014) (citing *In re Lazar*, 83 F.3d 306, 308 (9th Cir. 1996)). The question of whether RGW's claim belongs to the Trustee is a matter of law and thus subject to de novo review. *See In re Mwangi*, 432 B.R. 812, 818 (9th Cir. BAP 2010) ("Whether property is property of the estate is a question of law reviewed de novo."), *abrogated on other grounds*, *City of Chicago, Ill. V. Fulton*, 141 S. Ct. 585, 589–90, 590 n.1 (2021).

As for the doctrine of laches, "[w]hether laches is available as a potential defense to a

particular kind of action is a question of law reviewed de novo." *In re Beaty*, 306 F.3d 914, 920 (9th Cir. 2002) (citation omitted); *see also id.* at 923 (holding laches available as a defense in a nondischargeability complaint brought under 11 U.S.C. § 523(a)(3)(B) and Fed. R. Bankr. P. 4007(b)). But the "determination of whether laches applies in a particular case" is reviewed for abuse of discretion. *Id.* at 921.

## V.  DISCUSSION

RGW argues that the Order sustaining the BAD Chapter 7 Trustee's Objection to RGW's claim in the Lucido Chapter 11 Action should be reversed because the Bankruptcy Court erred in two ways. First, RGW contends that the Bankruptcy Court erroneously ruled that RGW could not assert its claim because the BAD Chapter 7 Trustee had exclusive standing to pursue claims based on Mr. Lucido's fraudulent diversions of assets away from BAD. Opening Br. 30–35. Second, RGW argues that the Bankruptcy Court erred by failing to address whether the doctrine of laches barred the Trustee's Objection. *Id.* at 35–38. The Court addresses the arguments in turn.

### A.  Whether RGW Asserted a Claim Belonging to the BAD Chapter 7 Trustee

#### 1.  Analytical Framework

A bankruptcy trustee "stands in the shoes of the bankrupt corporation and has standing to bring any suit that the bankrupt corporation could have instituted." *Smith v. Arthur Andersen LLP*, 421 F.3d 989, 1002 (9th Cir. 2005) (citation omitted). However, a trustee "has no standing generally to sue third parties on behalf of the estate's creditors, but may only assert claims held by the bankrupt corporation itself." *Id.* (citation omitted). State law determines the owner of the claim, which is a property interest. *Ahcom, Ltd. v. Smeding*, 623 F.3d 1248, 1250 (9th Cir. 2010) (citing *Butner v. United States*, 440 U.S. 48, 54–55 (1979)). The parties do not dispute that California law applies. *See* Opening Br. 30–31; Ans. Br. 11–13.

Under California law, a claim against a defendant based on that defendant's alleged status as an alter ego is "not itself a claim for substantive relief," but is instead a procedural mechanism to assert the substantive claim, such as a complaint to set aside a fraudulent conveyance. *Id.* at 1251 (quoting *Hennessey's Tavern, Inc. v. Am. Air Filter Co.*, 204 Cal. App. 3d 1351, 1359 (1988)). That is, there is no "freestanding general alter ego claim that would require a shareholder

to be liable for all a company's debts." *Id.* at 1252. A trustee can maintain an action against a defendant based on an alter ego theory "if there is some allegation of injury to the corporation that gives the corporation a right of action against the defendant." *Shaoxing Cnty. Huayue Import & Export v. Bhaumik* ("*Bhaumik*"), 191 Cal. App. 4th 1189, 1198–99 (2011) (citing *Stodd v. Goldberger*, 73 Cal. App. 3d 827, 833 (1977)). When a trustee has standing to assert a debtor's claim, that standing is "exclusive and divests all creditors of the power to bring the claim." *Ahcom*, 623 F.3d at 1250 (citation omitted).

### 2. Application

The Court first notes that the Bankruptcy Court and both parties impute RGW's allegations in the SAC—filed in the Adversary Proceeding—to RGW's claim in the Lucido Chapter 11 Action. *See, e.g.*, Opening Br. 27–30 (describing Bankruptcy Court's discussion of SAC allegations at hearing on Objection and presenting argument under same analysis); Ans. Br. 12–14 (same). The Court will thus assume RGW's claim in the Lucido Chapter 11 Action is based on or supported by relevant allegations in the SAC filed in the Adversary Proceeding.

RGW's primary claim in the Lucido Chapter 11 Action is for "[l]iability as alter ego of [BAD] on judgment entered against [BAD] on January 7, 2020." AER 705; *see id.* at 702–49. As expanded upon in the SAC, RGW seeks to add Mr. Lucido to its judgment against BAD, on the basis that Mr. Lucido is BAD's alter ego. *Id.* at 877, 880. The claim in the Lucido Chapter 11 Action also seeks interest on the judgment and related attorney's fees and costs. *Id.* at 705. RGW argues that its claim is based in RGW's particularized judgment against BAD, and that RGW's allegations—made in support of its alter ego argument—that Mr. Lucido engaged in fraudulent transfers and asset conversions did not cause the claim to become the Trustee's property. *See* Opening Br. 30–35. The Trustee counters that Mr. Lucido's fraudulent transfers and the other acts he allegedly took to evade the judgment—*i.e.*, the acts on which RGW's claim is based—constitute nothing more than acts against BAD generally, so that the Trustee has exclusive standing to bring the claim. *See* Ans. Br. 10–14.

In evaluating the question of ownership of RGW's claim, the Court finds instructive the circumstances and reasoning in *Bhaumik*. There the plaintiff filed a complaint against an entity for

1 breach of contract and common counts and, after the entity filed for Chapter 7 bankruptcy, filed a
2 trial brief addressing the defendant's alter ego liability for the entity's breach of contract. 191 Cal.
3 App. 4th at 1193–94. The defendant argued that any action against him based on alter ego liability
4 should be stayed because only the entity's bankruptcy trustee had standing to pursue the claim. *Id.*
5 at 1194. The trial court took the matter under submission, and one week later issued an order
6 finding the entity was obligated to pay invoices to the plaintiff, and that the defendant was liable
7 for the amount as the entity's alter ego. *Id.* at 1195. On appeal, the court held that the plaintiff's
8 alter ego allegations were not stayed because they were related to the defendant's liability "with
9 respect to money that [the entity] owed for breach of contract and common counts," rather than a
10 "right of action belonging to the corporation." *Id.* at 1199.

11 Here, RGW's judgment confirmed an arbitration award arising out of BAD's breach of its
12 subcontracts with RGW. *See* AER 59, 72–81. In its claim in the Lucido Chapter 11 Action, RGW
13 seeks to hold Mr. Lucido liable for the judgment as BAD's alter ego. *Id.* at 702–705. The Trustee
14 does not assert a right to enforcing RGW's judgment against BAD. Ans. Br. 10. The question,
15 then, is whether RGW's alter ego allegations in the SAC—*e.g.*, that "Lucido caused [BAD] to
16 incur debts to himself and to [MFE] not only to render [BAD] insolvent and unable to satisfy a
17 judgment, but also to set up a pretext for a series of fraudulent transfers that he caused Bay Area
18 Drilling to make to himself," AER 871—divest RGW of its ownership of the claim, as the Trustee
19 contends.

20 The court in *Bhaumik* expressly noted that the defendant had not "argued that the alter ego
21 allegations constituted a substantive right of action belonging to the corporation." 191 Cal. App.
22 4th at 1199. But in *Ahcom*—which *Bhaumik* cited approvingly, *see id.*—the Ninth Circuit rejected
23 exactly this argument. The plaintiff there filed a complaint asserting two substantive claims,
24 including breach of contract, against individual defendants based on their alter ego status for a
25 bankrupt entity. 623 F.3d at 1250. The alter ego allegations stated that the defendants "diverted
26 funds and other asserts of [the entity] for other than corporate uses," "treated the [entity's] assets .
27 . . as their own," and "diverted asserts from [the entity] to themselves to the detriment of
28 creditors." *Id.* Although the defendants argued that these allegations showed that plaintiff was

8

usurping the trustee's right to sue for general conduct harming all creditors, the court held there was "no reason why [the plaintiff's] claims against [the defendants] cannot proceed." *Id.* at 1252.

RGW's alter ego allegations that Mr. Lucido improperly divested BAD of funds, like those in *Ahcom*, are made to show Mr. Lucido's alter ego status, rather than to form the basis of a substantive claim. *See Kayne v. Ho*, No. LA CV09-06816, 2013 WL 12120081, at *6 (C.D. Cal. Nov. 4, 2013) (permitting individual creditors to bring lawsuit for liability of defendants as alter egos based on alleged fraudulent conveyances because "[t]he alleged transfers are not the basis for Plaintiffs' claim; rather, they are evidence that Defendants are the alter ego of [the entity]"). Because the alter ego allegations are not substantive, and RGW seeks to bring a claim as to Mr. Lucido's liability for BAD's breach of contract, RGW's claim does not belong to the Trustee.

The Trustee argues that "*Stodd*, *Ahcom*, and [] *Bhaumik* all make clear that a trustee can bring an alter ego claim when there is 'some allegation of injury to the corporation.'" Ans. Br. 12. In making this argument, however, the Trustee does not account for the first part of the quoted sentence, which in its entirety reads: "A trustee 'cannot maintain an action against defendants on an alter ego theory absent some allegation of injury to the corporation giving rise to an action in it against defendants.'" *Stodd*, 73 Cal. App. 3d at 833; *see* Ans. Br. 11. As clarified by *Ahcom* and *Bhaumik*, the inquiry turns not on the mere existence of alter ego allegations suggesting some injury to the corporation, but rather on the substantive action brought via the procedural alter ego mechanism. Here, the substantive action at issue is RGW's claim for Mr. Lucido's liability on its judgment arising from BAD's breach of contract, which under *Bhaumik* is not stayed and not the property of the Trustee. *See Bhaumik*, 190 Cal. App. 4th at 1199.

Based on the foregoing analysis, this Court finds upon de novo review that the Bankruptcy Court erred to the extent it disallowed any part of RGW's claim in the Lucido Chapter 11 Action, and accordingly reverses the Order.

**B.     Laches**

Laches is an equitable doctrine involving an "inexcusable delay in exercising a known right." *In re Than*, 215 B.R. 430, 435 (9th Cir. BAP 1997). RGW argues that the Trustee's Objection is barred by the doctrine of laches, and that the Bankruptcy Court erred in failing to rule

9

on this argument. Opening Br. 35–38. The Trustee counters that the Objection is not barred by laches, so that RGW has not "identified any error by the Bankruptcy Court" in its consideration of the Objection. Ans. Br. 9–10. Because the Court finds the claim at issue belongs to RGW, it need not reach the questions of whether the Bankruptcy Court implicitly ruled on the laches issue by making a ruling on the merits, and whether there was any error in such a ruling.

## VI.　ORDER

For the foregoing reasons, the Court hereby ORDERS that the Bankruptcy Court's Order Sustaining Objection to Claim 10, AER 1660–62 (ECF No. 5-2, at 902–04), is reversed, except as to the following phrase: "RGW Construction, Inc., shall have an allowed claim in the amount of $3,450 based on a sanctions award against Debtor Mark Lucido."

The Clerk shall close the file in this case.

**IT IS SO ORDERED.**

Dated: September 6, 2023

BETH LABSON FREEMAN
United States District Judge